UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TONYA KNIGHT,

      Plaintiff,

vs.                                         Case No. 16-11662

BANK OF AMERICA,                     HON. AVERN COHN

      Defendant.

_____/

## MEMORANDUM AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 9)
## AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED
## COMPLAINT (Doc. 11)
## AND DISMISSING CASE[1]

### I. Introduction

This is a case challenging a foreclosure following a default on a mortgage. The property subject to the mortgage was sold at a foreclosure sale to defendant Bank of America and the redemption period has expired. Nevertheless, plaintiff Tonya Knight, proceeding pro se, contends she has a right to the property. The complaint makes the following claims, phrased by plaintiff as follows:

Count I          Violation of MCL 600.3220

Count II         Violation of MCL 600.3208

Count II[2]       Violation of Fair Debt Collection Practices Act

Count III        Equitable Relief to Extend the Redemption Period

---

[1]Upon review of the parties' papers, the Court deems these matters appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2]The complaint contains two claims labeled "Count II."

Count IV        Fraud

Before the Court is Bank of America's motion for judgment on the pleadings, to dismiss or for summary judgment.  Also before the Court is plaintiff's motion for leave to file a first amended complaint.  For the reasons that follow, Bank of America's motion will be granted, plaintiff's motion will be denied and the case will be dismissed.

## II.  Background

### A.  The Loan, Mortgage, and Foreclosure Proceedings

On September 18, 2007 plaintiff borrowed $154,050.00 from The Prime Financial Group, Inc. (Prime Financial) to help finance the purchase real property in Southfield, Michigan.  The loan is evidenced in a note.  Plaintiff also granted Prime Financial a mortgage interest in the property as security for the note.  The mortgage was later assigned to Bank of America.  Plaintiff defaulted on the mortgage obligation by failing to make monthly payments.  Plaintiff last made a payment on July 1, 2010.

Due to plaintiff's non-payment, the mortgage was referred to the law offices of Trott Law, P.C., to commence foreclosure by advertisement proceedings under M.C.L. § 600.3201, et seq.  In accordance with M.C.L. § 600.3208, the notice of mortgage foreclosure sale was published in the Oakland County Legal News for four (4) consecutive weeks commencing on March 20, 2012 and ending on April 10, 2012 (see sheriff's deed, attached as Exhibit D to Bank of America's Motion, at p 6 -Affidavit of Publication ).  In further compliance with M.C.L. § 600.3208, the notice of mortgage foreclosure sale was posted in a conspicuous place on the Property on March 21, 2012 (see Exhibit D at p 4 -Affidavit of Posting).

A sheriff's sale was originally scheduled for April 17, 2012.  However, the sale

2

was adjourned on a weekly basis from April 17, 2012 to November 24, 2015 by posting a copy of the notice of adjournment before or at the time of sale and at the place of sale (copies of the notices of adjournment are collectively attached as Exhibit E). A sheriff's sale was eventually held on November 24, 2015 at which Bank of America was the successful purchaser. Bank of America was granted a sheriff's deed dated November 24, 2015 which was recorded on December 3, 2015 in Liber 48850, Page 151 of the Oakland County Records.

Under M.C.L. § 600.3240(8), there was a six (6) month statutory period to redeem the property which expired on May 24, 2016. Plaintiff did not redeem the property. Instead, plaintiff filed suit on May 10, 2016, days before the redemption period expired.

### B. Plaintiff's Prior Litigation

Plaintiff has filed two (2) prior lawsuits during the pendency of her foreclosure proceedings.

First, on August 8, 2011, plaintiff sued Prime Financial and Bank of America in federal district court claiming (1) breach of contract, (2) RESPA violations, (3) fraudulent misrepresentation, (4) negligent misrepresentation. Knight-Bonner[3] v. Prime Financial, 11-13436 (E.D. Mich.). The district court dismissed all of her claims, except her RESPA claim against Bank of America. The case was referred to a magistrate judge before whom the parties filed dispositive motions. A magistrate judge recommended that plaintiff's motion for summary judgment be denied, that Bank of America's motion for

---

[3]Plaintiff used the surname Knight-Bonner instead of Knight.

summary judgment be granted, and that the complaint be dismissed.  Plaintiff objected.

The district court adopted the reports and recommendations and dismissed the

complaint.  Plaintiff appealed.  The Court of Appeals for the Sixth Circuit affirmed the

dismissal of her RESPA claim.

Meanwhile, on March 22, 2012, plaintiff sued Bank of America and Prime

Financial in Oakland County Circuit Court claiming (1) breach of contract, (2) fraudulent

misrepresentation, (3) intentional infliction of emotional distress.  As best as can be

gleaned, plaintiff's claims surrounded an alleged improper account number change

between Prime Financial and Bank of America.  Bank of America moved for summary

disposition based on res judicata due to the earlier filed federal case.  The circuit court

granted the motion.  Plaintiff appealed.  The Michigan Court of Appeals reversed and

remanded, concluding res judicata did not apply.  Following remand, Bank of America

again moved for summary disposition on the grounds none of the counts of the

complaint had merit.  Plaintiff did not file a response; instead, she filed a motion to

amend the complaint seeking to add parties and new claims.  The circuit court granted

Bank of America's motion.  The circuit court also denied plaintiff's motion to amend as

untimely and prejudicial.  The circuit court later denied reconsideration and plaintiff's

post-judgment motion for relief.  Plaintiff attempted to appeal; however, the Michigan

Court of Appeals dismissed the appeal as untimely.

### III.  Analysis

### A.  Motion to Dismiss

### 1.  Legal Standard

4

As noted above, Bank of America has moved for judgment on the pleadings under Fed. R. Civ. P. 12(c), to dismiss under Fed. R. Civ. P. 12(h), and for summary judgment under Fed. R. Civ. P. 56. The better course is to consider the motion as a motion for judgment on the pleadings.

The standard of review under Rule 12(c) is the same as for Rule 12(b)(6). Jelovsek v. Bredesen, 545 F.3d 431, 434 (6th Cir. 2008) (internal citations omitted). A Rule 12(b)(6) motion tests the sufficiency of a plaintiff's pleading. The Rule requires that a complaint "contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(internal citation omitted). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662; 129 S. Ct. 1937, 1949 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation."

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies may be appended to a motion to dismiss. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S.Ct. 2499, 2509 (2007). Here, the Court has considered documents relating to the mortgage and the foreclosure which are

5

referenced in the complaint and central to plaintiffs' claims.

## 2. Expiration of the Redemption Period

Before addressing plaintiff's claims as to the foreclosure proceedings, it is undisputed that she failed to exercise her statutory right to redeem the foreclosed property before the six-month statutory redemption period expired. This fact has significant consequences, as explained below.

As an initial matter, Bank of America contends that plaintiff lacks standing to bring her claims contesting the validity of the foreclosure because the redemption period has expired. To the extent this argument is premised on Article III standing—a principle at the heart of this Court's jurisdiction[4]—it lacks merit. See Facione v. CHL Mortg. Trust 2006-J1, 628 F. App'x 919, 920 (6th Cir. 2015). Similarly, Bank of America's argument fails to the extent it is based on standing under Michigan law. See Elsheick v. Select Portfolio Servicing, Inc., 566 F. App'x 492, 497 (6th Cir. 2014) (concluding that the plaintiff had standing under Michigan law to challenge the validity of the foreclosure after the redemption period expired because Michigan courts have recognized that a mortgagor may bring a cause of action to challenge a foreclosure under certain limited circumstances).

As to the affect of expiration of the redemption period, the rights of a mortgagor and mortgagee after foreclosure are also controlled by statute. Senters v. Ottawa Sav. Bank, FSB, 443 Mich. 45, 52 (1993). The foreclosure statute provides that once the

---

[4]Indeed, Bank of America's motion to dismiss was brought under Fed. R. Civ. P. 12(h)(3) on the grounds the Court lacked subject matter jurisdiction to consider her claims.

redemption period has expired, all of the mortgagor's rights in the property are extinguished by operation of law.  M.C.L. § 600.3236; see Piotrowski v. State Land Office Bd., 302 Mich. 179, 187–88 (1942).  The six-month statutory redemption period under M.C.L. § 600.3240 may not be extended absent a clear showing of fraud or irregularity.  Overton v. Mortg. Elec. Registration Sys., No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009) (per curiam) (citing Schulthies v. Barron, 16 Mich. App. 246, 247–48, 167 N.W.2d 784, 785 (1969) (per curiam)).  The fraud or irregularity must be present in the foreclosure process itself. Williams v. Pledged Prop. II, LLC, 508 Fed.Appx. 465, 468 (6th Cir. 2012).  Thus, "a strong case of fraud or irregularity, or some peculiar exigency" is required to upset the foreclosure process once the redemption period has expired.  United States v. Garno, 974 F. Supp. 628, 633 (E.D. Mich. 1997) (citing Detroit Trust Co. v. Agozzino, 280 Mich. 402, 405–06, 273 N.W. 747, 748 (1937) and Calaveras Timber Co. v. Mich. Trust Co., 278 Mich. 445, 450, 270 N.W. 743, 745 (1936)); see also Freeman v. Wozniak, 241 Mich. App. 633, 637, 617 N.W.2d 46, 49 (2000) (observing that "in the absence of fraud, accident or mistake, the possibility of injustice is not enough to tamper with the strict... requirements" of the foreclosure statute). In addition, a defect in the foreclosure process does not void the foreclosure, but instead renders it merely voidable.  Kim v. JPMorgan Chase Bank, N.A., 493 Mich. 98, 115, 825 N.W.2d 329, 337 (2012).

Under this standard, a plaintiff seeking to set aside a foreclosure sale must show prejudice resulting from noncompliance with the foreclosure requirements.  Id. Specifically, a plaintiff "must show that [he] would have been in a better position to preserve [his] interest in the property absent defendant's noncompliance with the

7

statute." Id. at 115–16; see also Jarbo v. Bank of New York Mellon, 587 Fed.Appx. 287, 289 (6th cir. 2014) (noting the judicially-created exception to the redemption rule "allow[ing] courts to extend the statutory redemption period where a party clearly shows fraud or irregularities in the foreclosure process that actually prejudiced the mortgagor in preserving his or her interest in the property").

Plaintiff cannot establish the prejudice required to set aside the foreclosure sale of the property. This is so because none of plaintiff's claims relating to the mortgage and the foreclosure proceedings are viable, as explained below.

### 3. Plaintiff's Claims

However variously phrased, all of plaintiff's claims center on one allegation - that the foreclosure was invalid because the notices of the adjournments of the foreclosure sale were not proper.

In Count I, plaintiff complains that the foreclosure of the mortgage failed to comply with the provisions of M.C.L. § 600.3220. The statute at issue provides:

> Such sale may be adjourned from time to time, by the sheriff or other officer or person appointed to make such sale at the request of the party in whose name the notice of sale is published by posting a notice of such adjournment before or at the time of and at the place where said sale is to be made, and if any adjournment before more
> than 1 week at one time, the notice thereof, appended to the original notice of sale, shall also be published in the newspaper in which the original notice was published, the first publication to be within 10 days of the date from which the sale was adjourned and thereafter once in each full secular week during the time for which such sale shall be adjourned. No oral announcement of any adjournment shall be necessary.

M.C.L. § 600.3220 (emphasis added).

The record shows that this statute was followed. The Sheriff's Sale was adjourned on a weekly basis from April 17, 2012 to November 24, 2015 by posting a

copy of the notice of adjournment before or at the time of sale and at the place of sale.

Plaintiff contends that the adjournments were required to be published in the same newspaper that the notice of foreclosure was published in, the Oakland County Legal News.  Not so.  Because none of the adjournments were for more than one (1) week at one time, there was no requirement that they be published.  Count I therefore fails to state a plausible claim.

In Count II, plaintiff complains that the foreclosure of the Mortgage failed to comply with MCL § 600.3208.  The statute provides:

> Notice that the mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, shall be given by publishing the same for 4 successive weeks at least once in each week, in a newspaper published in the county where the premises included in the mortgage and intended to be sold, or some part of them, are situated. If no newspaper is published in the county, the notice shall be published in a newspaper published in an adjacent county. In every case within 15 days after the first publication of the notice, a true copy shall be posted in a conspicuous place upon any part of the premises described in the notice.

M.C.L. § 600.3208.

This statute was also complied with.  The notice of mortgage foreclosure sale was published in the Oakland County Legal News for four (4) consecutive weeks commencing on March 20, 2012 and ending on April  10, 2012 (see Sheriff's Deed, attached as Exhibit D, at p 6 - Affidavit of Publication).  In further compliance with MCL § 600.3208, the notice of mortgage foreclosure sale was posted in a conspicuous place on the property on March 21, 2012 -within fifteen (15.) days of the first publication (see Exhibit D at p 4 -Affidavit of Posting).

Plaintiff, however, alleges that MCL § 600.3208 required additional publications and posting(s) of the notice of mortgage foreclosure sale before the actual Sheriff s Sale

9

held on November 24, 2015.  The law provides otherwise.  As set forth above, MCL § 600.3220 provides the framework for lawfully adjourning a foreclosure sale to a date other than what was originally published.  The adjournments complied with the law.  The adjournment of the sheriff s sale from April 17, 2012 to November 24, 2015 was accomplished by posting a copy of the notice of adjournment before or at the time of sale and at the place of sale.  None of the adjournments were for more than one (1) week at one time.  As such, Count II also fails to state a viable claim.

In her second Count II, plaintiff says that Bank of America is liable for perceived violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq ("FDCPA").  This claim is derivative of, and contingent upon the viability of, her allegations that the foreclosure of the Mortgage failed to comply with the provisions of M.C.L. § 600.3208 and MCL § 600.3220.  Because as explained above, the statutes were complied with, there are no grounds for a claim under the FDCPA.

In Count IV, plaintiff alleges fraud.  The claim is two-fold: (1) the Assignment is fraudulent or procured by fraudulent means, (2) the foreclosure sale was conducted fraudulently conducted.

Regarding the assignment, putting aside Bank of America's argument that she could have raised this issue in state court and is therefore barred by res judicata from doing so now, there is no merit to her claim.  Under Michigan's foreclosure by advertisement statute, a party may foreclose by advertisement, if is "either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage."  M.C.L. § 600.3204(1)(d).  Furthermore, "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of

10

title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." M.C.L. § 600.3204(3).

Here, both conditions existed at the time of the foreclosure by advertisement. Bank of America held the mortgage at the time of the foreclosure. The Michigan Supreme Court has held that a record interest in a mortgage satisfies § 600.3204(1)(d). See Residential Funding Co. v. Saurman, 490 Mich. 909, 910 (2011). Furthermore, a record chain of title existed in the Oakland County Register of Deeds evidencing the assignment of the original mortgage from Prime Financial to Bank of America.

Even if there was a defect in the assignment, plaintiff has no ability to challenge it. Under Michigan law, a non-party to a mortgage assignment lacks the standing to challenge its validity unless there is some risk of double-payment on the obligation or the like. See, e.g., Livonia Property Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC, 399 F. App'x 97, 102-03 (6th Cir. 2010) (unpublished). Plaintiff alleges no reason why she would risk double-payment on the underlying obligation.

Moreover, to the extent that plaintiff alleges a defect in the process because the mortgage and note were "split," this too fails to state a plausible claim for relief. In Saurman, supra, the Michigan Supreme Court rejected the theory that separating a note from the mortgage extinguishes the right to foreclose. "[T]he security is always made in trust to secure obligations, and the trust and the beneficial interest need not be in the same hands." Id. See also Leone v. Citigroup, Inc., No. 12-10597, 2012 WL 1564698, at *3 (E.D. Mich. May 2, 2012); Golliday v. Chase Home Fin., LLC, No. 1:10-cv-532, 2011 WL 4352554, at *7 (W.D. Mich. Aug. 23, 2011). Therefore, any "note-splitting" argument fails.

11

Regarding fraud in the foreclosure sale, plaintiff simply reasserts her contention that the notices and adjournments were improper.  As set forth above, the notices and the Sheriff's sale complied with Michigan law.

Plaintiff's final claim seeks an extension of the redemption period.  This is not a freestanding claim but rather a form of relief.  As explained above, because plaintiff's claims regarding the foreclosure proceedings fail to state viable claims, she has not shown any defect or irregularity which would entitle her to an extension.

Overall, plaintiff has not established that the foreclosure proceedings are voidable based on any fraud or irregularity.

### B.  Motion to Amend

In addition to filing a response, plaintiff filed a motion to amend her complaint, seeking to add a claim that the assignment was invalid under Michigan law, see M.C.L. § 600.3204(3), a claim for slander of title, and a claim for quiet title.

Under Fed. R. Civ. P. 15(a), a party may amend their pleadings after 20 days "only by leave of court or by written consent of the adverse party; and leave to amend pleadings "shall be freely given when justice so requires."  The decision whether or not to permit the amendment is committed to the discretion of the trial court.  See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971); Estes v. Kentucky Util. Co., 636 F.2d 1131, 1133 (6th Cir. 1980).  This discretion, however, is "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits."  See Marks v. Shell Oil Co., 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted).  In determining whether to permit amendment, some of the factors which may be considered by the district court are undue "delay in filing, lack

12

of notice to the opposing party, bad faith by the moving party, repeated failure to cure
deficiencies by previous amendments, undue prejudice to the opposing party, and
futility of amendment." Hageman v. Signal L.P. Gas, Inc. 486 F.2d 479, 484 (6th Cir.
1973). See also Foman v. Davis, 371 U.S. 178, 182 (1962). Delay by itself is not
sufficient to deny a motion to amend. Hageman, 486 F.2d at 484. See also General
Elec. Co. v. Sargent & Lundy 916 F.2d 1119, 1130 (6th Cir. 1990). Moreover, in
denying a motion to amend, a court must find "at least some significant showing of
prejudice to the opponent." Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir.
1986).

Plaintiff has not satisfied the standard for amendment. First, the request comes
too late in the day. This is plaintiff's third lawsuit challenging the foreclosure. It comes
after Bank of America filed a dispositive motion. Moreover, Bank of America would be
prejudiced by having to defend against new claims.

Finally, amendment would be futile because none of the new claims have merit.
Plaintiff's claim regarding the assignment fails as described above. Her claims for
slander of title and quiet title are not plausible. As to a claim to quiet title, in order to
properly make a quiet title claim, plaintiff must meet the requirements set forth in M.C.R.
§ 3.411, or, for a federal cause of action, 28 U.S.C. § 2409a(d). These provisions
require that plaintiff properly allege her ownership interest in the property. M.C.R. §
3.411(B) states, "(2) The complaint must allege, (a) the interest the plaintiff claims in the
premises; (b) the interest the defendant claims in the premises; and (c) the facts
establishing the superiority of the plaintiff's claim." 28 U.S.C. § 2409a(d) states,"[t]he
complaint shall set forth with particularity the nature of the right, title, or interest which

the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States."  Moreover, plaintiff must show that he has title to the property superior to claims by others with an interest in the property.  Beaulah Hoagland Appelton Qualified Pers. Residence Trust v. Emmet County Road Comm'n, 236 Mich. App. 546, 550 (1999) ("In an action to quiet title, the plaintiff have the burden of proof and must make out a prima facie case of title")

Here, plaintiff has not alleged in the amended complaint how she has a greater interest in the property than Bank of America.  Indeed, Bank of America is the record owner of the property and exercised its right to possession in a successful eviction action.  These facts demonstrate Bank of America's superior interest in the property.  Moreover, plaintiff has not denied that he failed to make timely payments under the note and mortgage.  This militates against quieting title to him.  See Yuille v. American Home Mortgage Serv's. Inc., 483 F. App'x 132, at *2 (6th Cir. May 29, 2012) (finding that a borrowers failure to make timely payments precluded a quiet title claim).  Finally, the Sixth Circuit has held that a quiet title claim is a remedy, and not a separate cause of action.  Goryoka v. Quicken Loan, Inc., 2013 WL 1104991, at *3 (6th Cir. March 18, 2013).

Regarding a claim for slander of title, to establish either common law or statutory slander of title in Michigan, a claimant must show falsity, malice, and special damages, i.e., that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages.  B & B Inv. Grp. v. Gitler, 581 N.W.2d 17, 20 (Mich. Ct. App. 1998).  A slander of title claimant must show some act of express malice, which "implies a desire or intention to injure." Glieberman v. Fine, 226

14

N.W. 669, 670 (Mich. 1929).  "Malice may not be inferred merely from the filing of an invalid lien; the plaintiff must show that the defendant knowingly filed an invalid lien with the intent to cause the plaintiff injury."  Stanton v. Dachille, 463 N.W.2d 479, 486 (Mich. Ct. App. 1990).  The amended complaint fails to allege malice.  Moreover, as explained above, Bank of America, not plaintiff, has title to the property.  Thus, plaintiff cannot maintain a claim for slander of title.

## IV.  Conclusion

For the reasons stated above, Bank of America's motion to dismiss is GRANTED.  Plaintiff's motion to amend is DENIED.  This case is DISMISSED.

SO ORDERED.


S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated: November 8, 2016
       Detroit, Michigan